## SUPREME COURT — APPELLATE DIVISION SECOND DEPARTMENT.

### April 9, 1920,

## THE PEOPLE v. ANTONIO RISICO.

(191 App. Div. 355.)

(1) MURDER, SECOND DEGREE—EVIDENCE JUSTIFYING CONVICTION.

Appeal from a judgment convicting the defendant of the crime of murder in the second degree. Evidence examined, and *held*, sufficient to support the conviction.

(2) SAME—STATEMENT BY COURT THAT ERRORS OF LAW MAY BE REVIEWED ON APPEAL.

On a prosecution for said crime it is not error for the court to charge in substance that any mistake by the court in stating the law will not be prejudicial because it can be reviewed on appeal.

(3) SAME.

There is a distinction between the power of the court to review errors respecting questions of fact in a criminal case and the power to review the court's decision on instructions on matters of law.

(4) SAME—DEFINITION OF MANSLAUGHTER, FIRST DEGREE—OMISSION TO CHARGE THAT ACT MUST BE DONE IN HEAT OF PASSION.

Any error of the court when defining the crime of manslaughter in the first degree in omitting reference to the statutory requirement that the

act be done "in the heat of passion" was favorable to the defendant and not a ground for reversal.

APPEAL by the defendant, Antonio Risico, from a judgment of the Supreme Court, rendered against him on the 20th day of May, 1919, convicting him of the crime of murder in the second degree after a trial at the Kings County Trial Term.

*Edward J. Reilly,* for the appellant.

*Ralph E. Hemstreet, Assistant District Attorney (Harry E. Lewis, District Attorney,* with him on the brief), for the respondent.

BLACKMAR, J.:

Without reviewing the facts it is sufficient to say that the evidence amply supported the conviction. The appellant, with commendable brevity, urges two points only as indicating errors in the charge. In the course of his charge the learned presiding justice used the following language: "Now, nobody is hurt if I make any mistake in stating what the law is, because every word that I utter is being taken by the stenographer, and if I make any misstatement at all, I can be reviewed and everything that I say can be reviewed by another court. So there can never be any harm done if I make a mistake in the law." The defendant, having excepted to this, calls attention to the case of People v. Esposito (224 N. Y. 370), where the conviction was reversed upon the ground that the defendant did not have a fair trial. In that case the district attorney, during his argument, used the following language: "I wish also to call your attention here to the fact that this defendant can appeal from this decision of yours to the Court of Appeals but the prosecution cannot." Of this the Court of Appeals say: "That is, in subtle manner it was suggested to the jury that because of his right to appeal no ultimate harm could come to defendant

if they should through error or intention relax somewhat in the application of those principles which ought to govern their deliberations in his favor and that this view was all the more pertinent because of the fact that no error against the People could thus be corrected." But there were other matters in that case which the court also considered in reaching the conclusion that the defendant did not have a fair trial.

It is one thing to say to the jury that the defendant has a right to appeal from a judgment of death to the Court of Appeals, but that the prosecution cannot, thereby suggesting that the Court of Appeals can correct any error which the jury may make in their deliberations, and that the function of that court is practically the same as that of a jury in deciding questions of fact as well as law, and it is an entirely different thing to tell the jury that an error of law made by the trial court can be corrected on appeal. The charge of the learned court was calculated to impress upon the jury the difference between their decision on questions of fact and his decision on questions of law and to induce them to accept without question his instructions on matters of law; for if the jury thought that there was no review of these instructions they might be inclined to reject the court's charge and substitute their own notions of what constitutes the law.

In defining the crime of manslaughter in the first degree the court said: "And, then, manslaughter in the first degree is this: That is the doing of some act which results in the death of a human being, but when you do it without any intent of killing him at all and when you do it with the use of a dangerous weapon. That constitutes manslaughter in the first degree."

The defendant claims that the charge was erroneous in omitting from the definition the words "in the heat of passion." Section 1050 of the Penal Law defines manslaughter in the first degree as follows: "Such homicide is manslaughter in the first degree, when committed without a design to effect death:

\* \* \* In the heat of passion, but in a cruel and unusual manner, or by means of a dangerous weapon."

We agree that the court's definition of manslaughter in the first degree was not complete. It is a well-settled rule that every man is presumed to intend the natural consequences of his own acts. The inference of intent to kill, therefore, necessarily flows from the use of a dangerous weapon such as a revolver. It requires the heat of passion, which suspends the reasoning powers, to reduce a homicide, not excusable or justifiable, but committed by the use of a dangerous weapon, from murder to manslaughter. The definition of manslaughter in the first degree given by the learned justice was incomplete rather than erroneous, for, following the wording of the statute, he excluded the intent to kill; but it was incomplete in that the jury should have been informed that a condition which the statute recognizes as competent to reduce criminal homicide by the use of a dangerous weapon from murder to manslaughter is "heat of passion." The words "heat of passion" are inserted in the statute as the expression of a condition of mind which prevents the inference of an intent to kill from the use of a dangerous weapon. The surging up of elementary passions, such as rage or terror, to such an extent as to blind the reason to the natural consequence of the use of a dangerous weapon, is "heat of passion." It follows that the charge as delivered was, if anything, favorable to the defendant, for it permitted the jury to find manslaughter without a finding that the homicide was in the heat of passion.

The judgment of conviction should be affirmed.

JENKS, P. J., MILLS, PUTNAM and KELLY, JJ., concur.

Judgment of conviction affirmed.